UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                                    Chapter 7

Bagels on Lex Corp.,                                            Case No. 18-45396-nhl

                Debtor.
----------------------------------------------------------------X
ROBERT J. MUSSO, Chapter 7 Trustee of the
Estate of Bagels on Lex Corp.,
                                                                            Adv. Proc. No.

                Plaintiff,

      -against-

Serafina Kaziev,
                Defendant.
------------------------------------------------------------- X

**COMPLAINT TO TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §548, §544(b), NEW YORK DEBTOR AND CREDITOR LAW §273, §273-a, AND BANKRUPTCY RULES 7001 AND 7003, OR ALTERNATIVELY, TO AVOID PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §547(b), TO RECOVER AN AUTHORIZED POST PETITION TRANSFER PURSUANT TO  11 U.S.C. §549 AND TO RECOVER THE VALUE OF THE TRANSFERS PURSUANT TO 11 U.S.C. §550(a)**

       Plaintiff, ROBERT J.  MUSSO ("Plaintiff' or "Trustee"), trustee of the estate of Bagels on Lex Corp. ("Debtor"), complaining of the Defendant alleges:

       1.  This is an adversary proceeding brought pursuant to 11 U.S.C. §548, §544(b), and §550(a), New York Debtor and Creditor Law §273, and Bankruptcy Rules 7001 and 7003, to avoid the transfer by the Debtor to Serafina Kaziev ("Defendant") of certain property, as described below, or alternatively pursuant to 11 U.S.C. §547(b), and §550(a) and Bankruptcy Rules 7001 and 7003 to avoid the transfer by the Debtor to Defendant of certain property and pursuant to 11 U.S.C. §549 to avoid unauthorized post-petition transfers from the Debtor to

Defendant and to recover the value of the transfers pursuant to 11 U.S.C. §550.

2. This Court has jurisdiction of this action under 28 U.S.C. §1334, and this action constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (F),(H), and (0).

3. On September 18, 2018 ("Filing Date"), the Debtor filed a voluntary chapter 7 petition in this Court.

4. Plaintiff is the duly appointed and qualified trustee of the Debtor's estate in this case.

5. Upon information and belief Defendant is and individual residing at 88 Loreto Lane, Windham, New York 12496, and is the mother of Oleg Kaziev, the principal of the Debtor.

6. Defendant is an insider within the meaning of 11 U.S.C. §101(31)(B)(vi).

7. The Debtor owned a business at 874 Lexington Avenue, New York, New York, which operated under the name Gourmet Bagel (the "Business") and on April 6, 2017, the Debtor sold the Business to Lex Bagel & More for $200,000.

8. At the closing on the sale of the business, the Debtor received $144,873.50 from the sale and took back a note from Lex Bagel & More for $50,000.00, payable over two years with interest at 6% in equal monthly installments of $2,216.03.

9. By bank check dated April 17, 2017, just eleven (11) days after the closing of the sale of the Business, and within two years of the Filing Date, the Debtor paid Defendant $138,000.00 from the proceeds of the sale of the Business.

10. Lex Bagel & More made all the payments under the note, which with interest totaled $53,184.72 (the "Note Payments"). Upon information and belief, at the direction of the Debtor, Lex Bagel & More did not pay the Note Payments to the Debtor, but instead paid them to Defendant. Consequently the Defendant received $191,184.72 from the Debtor's sale of the Business.

11. On or about January 20, 2020, the Debtor filed a statement in response to this Court's order directing it to account for and turnover the proceeds from the sale of the Business. In the response, the Debtor stated that all the funds were paid to the Defendant because "upon information and belief...the Debtor owed money to Ms. Kaziev."

12. Subsequent to receipt of the response from the Debtor, the Trustee requested proof that Defendant loaned money to the Debtor, but no proof has been supplied.

### AS AND FOR A FIRST CAUSE OF ACTION
### (11 U.S.C. §548 AND §550)

13. Plaintiff repeats and realleges every allegation in paragraphs 1 through 12 as if fully set forth herein.

14. By paying Defendant $138,000 a few days after the closing of the sale of the Business and by causing Lex Bagel & More, Inc., to make the Note Payments to Defendant instead of the Debtor, the Debtor transferred property to Defendant.

15. The transfer occurred at a time when the Debtor was indebted to creditors.

16. Upon information and belief, because the Debtor either did not or cannot supply proof that it owed money to Defendant, no consideration was paid to the Debtor for the transfer.

17. The transfer of the sales proceeds was made with actual intent to hinder, delay, or defraud creditors.

18. By reason of the foregoing, the payment of the $138,000 plus the Note Payments should be avoided pursuant to 11 U.S.C. §548 and pursuant to §550, Defendant should pay the $138,000 plus the Note Payments to the Debtor's estate.

### AS AND FOR A SECOND CAUSE OF ACTION

**(11 U.S.C. §548 AND §550)**

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" of this complaint as if fully set forth at length herein.

20. The Debtor received less than reasonably equivalent value in exchange for the paying Defendant the $138,000.00 and causing the Note Payments to be paid to Defendant.

21. At the time the Debtor paid Defendant the $138,000.00 and caused the Note Payments to be paid to Defendant, the Debtor was insolvent, or became insolvent as a result of the transfer.

22. By reason of the foregoing, the payment of the $138,000 plus the Note Payments should be avoided pursuant to 11 U.S.C. §548 and pursuant to §550, Defendant should pay the $138,000 plus the Note Payments to the Debtor's estate.

### AS AND FOR A THIRD CAUSE OF ACTION
### (11 U.S.C. §544(b), §552(a) and
### New York Debtor and Creditor Law §273

23. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "22" of this Complaint as if fully set forth at length herein.

24. Pursuant to 11 U.S.C. §544(a), the plaintiff "may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is avoidable under applicable law by a creditor holding an unsecured claim that is allowable under Section 502 of [Title 11] or that is not allowable only under Section 502(e) of [Title 11]." Section 554(b) of the code permits the Plaintiff to utilize, inter alia, Sections 273, 273-a, and 276-a of the New York Debtor and Creditor Law to set aside fraudulent transfers and to recover attorneys fees from the Defendant.

25. Further, under 11 U.S.C. §550(a), to the extent that a transfer is avoided under

Section 544 of Title 11, Plaintiff may recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from either the initial transferee of such transfer or any immediate or mediate transferee of such initial transfer.

26. The Debtor gave Defendant $138,000 and caused the Note Payments to be paid to Defendant while the Debtor was insolvent, or the Debtor was rendered insolvent thereby.

27. The Debtor owed money to creditors at the time it gave Defendant $138,000 and caused the Note Payments to be paid to Defendant.

28. Pursuant to New York Debtor and Creditor Law §273, made applicable to this action by Section 544(b) of the Bankruptcy Code, every conveyance made by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his or her actual intent if the conveyance is made without fair consideration.

29. Pursuant to Section 278 of the New York Debtor and Creditor Law, such a fraudulent transfer may be set aside by the Plaintiff.

30. Accordingly, because upon information and belief, the giving of the $138,000 and causing the Note Payments to be paid to Defendant was without fair consideration and was fraudulent, it may be avoided by the Plaintiff pursuant to 11 U.S.C. §544(b) and New York Debtor and Creditor Law Sections 273 and 278.

31. By virtue of the foregoing, and pursuant to Section 550(a) of the Bankruptcy Code, Defendant must pay the $138,000.00 plus the Note Payments to the Debtor's estate.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (11 U.S.C. §547(b) and §550(a))

32. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "31" of this Complaint as if fully set forth at length herein.

33. Sections 547(b) and 550(a) of the Bankruptcy Code empower a trustee, for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth in the statutes are met.

34. Pursuant to section 547(b) of the Bankruptcy code, a trustee may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within one year before the filing of the petition if the transfer was to an insider, (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

35. The Defendant is an insider within the meaning of 11 U.S.C. §101(31).

36. Within one year of the Filing Date, the Debtor caused Lex Bagel & More to pay $24,864.48 of the Note Payments to Defendant.

37. The transfers of the Note Payments was to or for the benefit of Defendant.

38. If the Debtor owed money to the Defendant, the transfers were on account of an antecedent debt owed by the Debtor before such transfers were made.

39. The transfers were made while the Debtor was insolvent.

40. The transfers enabled Defendant to receive more than she would receive as a creditor if the transfers had not been made and the Defendant received payment of its debt to the extent provided under chapter 7 of the Bankruptcy Code.

41. By reason of the foregoing and pursuant to 11 U.S.C. §§547 and 550, the transfers of the Note Payments within one year of the Filing Date should be avoided and set aside as preferential and the Defendant must pay the transfers received within one year of the Filing Date

to the Debtor's estate.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (11 U.S.C. §549 AND §550

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "41" of this complaint as if fully set forth at length herein.

43. After the Filing Date, the Debtor caused $15,206.57 of the Note Payments to be paid to Defendant instead of the Debtor.

44. The payment of the Note Payments to Defendant after the Filing Date was not authorized by Title 11 of the United States Code (the "Bankruptcy Code") or by order of this Court.

45. Because the payment of the Note Payments to Defendant after the Filing Date was not authorized by the Bankruptcy Code or by order of this Court, the payment of the Note Payments to Defendant after the Filing Date is avoidable under section 549(a) of the Bankruptcy Code.

46. By reason of the foregoing, the payment of the Note Payments to Defendant after the Filing Date should be avoided pursuant to section 549 of the Bankruptcy Code, and pursuant to section 550 of the Bankruptcy Code, Plaintiff should have judgment against Defendant for the amount paid to her from the Note Payments after the Filing Date.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (11 U.S.C.§502(d))

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46" of this Complaint as if fully set forth at length herein.

48. Defendant was the initial transferee of the transfers or the immediate or mediate transferees of such initial transferee or the persons for whose benefit the transfers were made.

49. Pursuant to 11 U.S.C. §502(d), any claims of Defendant against the Debtor must be disallowed until such time as Defendant pays to Plaintiff all the monies received by her from the Debtor's sale of the Business.

WHEREFORE, Plaintiff respectfully requests that this Court grant a judgment for the following:

a. Pursuant to 11 U.S.C. §548, §544 and New York Debtor and Creditor Law avoiding the payments made to her from the sale of the Business;

b. Pursuant to 11 U.S.C. §547 avoiding the payments made to her from the sale of the Business within one year of the Filing Date;

c. Pursuant to 11 U.S.C. §549 avoiding the payments made to her from the sale of the Business after the Filing Date;

d. Pursuant to 11 U.S.C. §550(a), granting Plaintiff judgment against the Debtor in the amount of $191,184.72, or alternatively, if Defendant can prove that she loaned money to the Debtor for which she was not paid, granting Plaintiff judgment against the Debtor in the amount of $24,864.48 for the amounts paid to her within one year of the Filing Date and $15,206.57 for the amounts paid to her after the Filing Date;

e. Pursuant to 11 U.S.C. §502(d), disallowing any claim of Defendant; and

f. Granting Plaintiff such other and further relief as to the Court deems just, proper and equitable.

Dated: Brooklyn, New York
June 11, 2020

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for Plaintiff

By:  /s/
BRUCE WEINER
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840